UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Denis J. Opsahl,

        Plaintiff,

vs.                         REPORT AND RECOMMENDATION

Michael Hager, attorney,
Judge Robert Small,
Kristine Kienlen, psychologist,
and John W. Windhorst Jr.,
attorney,

        Defendants.       Civ. No. 10-129 (JRT/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application for leave to proceed in forma pauperis, ("IFP"), see Docket No. 2, and on his "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983," see Docket No. 1.

It appears from the Plaintiff's IFP Application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to Title 28

U.S.C. §1915(b)(1). Thus, the Court finds, for present purposes, that the Plaintiff has "no assets and no means by which to pay the initial partial filing fee," Title 28 U.S.C. §1915(b)(4), and that this matter should proceed directly to the initial screening process that is prescribed by Title 28 U.S.C. §1915A.

For reasons which follow, we find that the Plaintiff's Complaint cannot survive Section 1915A, and therefore, we recommend that the Plaintiff's IFP Application be denied, and that this action be summarily dismissed.

## II. Factual and Procedural Background

The Plaintiff is an inmate at the Hennepin County Adult Detention Center, in Minneapolis, Minnesota, where he is apparently awaiting Trial on charges of making terroristic threats. See, Opsahl v. State of Minnesota, Civil No. 09-1181 (JRT/RLE), Respondent's Response to Objection, Docket No. 13

The Plaintiff is currently attempting to sue the named Defendants under Title 42 U.S.C. §1983, for allegedly violating his Federal constitutional rights. The substantive allegations in the Plaintiff's Complaint, repeated verbatim, and in their entirety, are as follows:

> On or aBout [sic] March 20, 2009 John W Windhorst, attorney, initiated a conspiracy in violation of Section 1983 with Judge Robert Small Hennepin District Court To press AND procure false criminal charges

> against Opsahl relating to a 3/25/09 911 call aBout [sic] The Terrorist Sarah Jane Olson and a clone of Walter Mondale the Minnesota politician and OJ Simpson the Sports Personality with Small agreeing. To Do illegal Judicial Acts with the false testimony of one Kristine Kienlen 4th District Court Psychologist And false and misleading legal advice from one Michael Hager attorney to Opsahl To involve Opsahl in the false 3/25/09 911 call case even though Opsahl was out of state on 3/25/09 and made no calls so as to procure Opsahl's 3/27/09 to Date (1/12/09 [sic]) and continuing false imprisonment and illegal Detention to strip Opsahl of his US Federal Civil Rights and his property, all known to Windhorst because he was Opsahl's former attorney, with Kienlen coached to commit perjury and Hager to aid and aBet [sic] Kienlen to lower Opsahl's standing forever in the community and To inflict Cruel and unusual punishment upon Opsahl with Small procuring an indefinite false Detention in violation of Section 1983 under color of state law And to inflict emotional distress upon Opsahl And to make him hated.

Complaint, Docket No. 1, §IV at pp. 2, 4 of 10.

The Plaintiff describes the relief he is seeking, as follows: "I want the Defendants restrained from the conspiracy and Opsahl seeks Two million dollars from each Defendant for Damage." Id., §V at p. 4 of 10.

### III. Discussion

Since the Plaintiff is a prisoner, see Title 28 U.S.C. §1915A(c), his pleading is subject to the preliminary screening requirements of Title 28 U.S.C. §1915A. Section 1915A, which is part of the Prison Litigation Reform Act of 1995, requires Federal Courts to screen the pleadings in every civil action, that is brought by a prisoner

against governmental entities and employees, "before docketing, if feasible or, in any event, as soon as practicable after docketing." Title 28 U.S.C. §1915A(a). The Court must determine which aspects of the pleading are actionable, and therefore, should be allowed to proceed. If the pleading fails to state a legally cognizable claim, then the action must be dismissed. See, Title 28 U.S.C. § 1915A(b)(1).

To state a cause of action on which relief can be granted, a complainant must allege a set of specific historical facts which, if proven true, would entitle him or her to some legal redress against the named defendants, based upon some settled legal principle or doctrine. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."); Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981) ("[A] well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts."); Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) ("'[T]he complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal

requirements of the claim to avoid dismissal.'"), quoting DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir.2002); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (Federal Courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.").

Here, the Plaintiff's Complaint does not describe any specific historical facts or events, or any specific acts or omissions, by the named Defendants. Indeed, the Plaintiff's Complaint is, for the most part, simply incomprehensible. The Complaint includes oblique references to false criminal charges, a conspiracy, a Judge, a psychologist, and two attorneys, all of which seem to suggest that the Plaintiff might be attempting to sue various individuals who have been involved in his Minnesota State Court criminal case. However, this is sheer speculation because, in fact, it is impossible to garner any meaningful insight into the true nature and purpose of the Plaintiff's Complaint.[1]

---

[1] It appears that the Plaintiff might be trying to overturn various rulings that have been entered in his State Court criminal case. However, as a general rule, Federal District Courts cannot review and reverse State Court rulings. See, Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005) (Federal District Courts cannot properly entertain "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Also, based upon principles of comity and Federalism, Federal Courts
(continued...)

The caption of the Complaint refers to Title 42 U.S.C. §1983, which suggests that the Plaintiff might be seeking relief for alleged violations of his Federal constitutional rights. However, the Complaint does not describe any specific acts or omissions by any of the Defendants that allegedly violated the Constitution. Nor is it clear that any of the named Defendants is, or could be, a State actor, other than the Judge, and his judicial acts are immune from suit. <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12 (1991)(State Judge enjoys absolute judicial immunity).

In sum, after carefully considering the allegations in the "Statement of Claim" section of the Plaintiff's Complaint, we cannot identify a set of historical facts, which, if proven true at Trial, would entitle the Plaintiff to any Judgment against any of the named Defendants under any legal theory. Therefore, we conclude that the Plaintiff has failed to plead a cause of action on which relief can be granted, and accordingly,

---

¹(...continued)
must normally abstain from interfering in ongoing State Court actions. See, <u>Harmon v. City of Kansas City, Mo.</u>, 197 F.3d 321, 325 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000) (noting that, in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances."). Therefore, if, indeed, the Plaintiff is asking the this Court to overturn a past State Court ruling, or interfere with an ongoing State Court action, as seems to be the case, then his current lawsuit cannot be brought in Federal Court.

we recommend that this action be summarily dismissed pursuant to Title 28 U.S.C. §1915A(b)(1).

Having determined that the Plaintiff has failed to plead an actionable claim for relief, we must further recommend that the Plaintiff's IFP Application must be denied, as moot. However, we recommend that the Plaintiff be relieved of paying the filing fee in this matter, as he appears to completely misapprehend the requisites for a cognizable claim, and we recommend that the dismissal of the Plaintiff's claim not count as a "strike" against the Plaintiff for purposes of Title 28 U.S.C. §1915(g).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Complaint [Docket No. 1] be summarily dismissed pursuant to Title 28 U.S.C. §1915A(b)(1).

2. That the Plaintiff's Application to Proceed Without Prepayment of Fees, [Docket No. 2] be denied, as moot.

3. That the Plaintiff be relieved from paying the filing fee that would otherwise be due from him.

4. That, irrespective of summary dismissal, the action not be counted as a "strike" for purposes of Title 28 U.S.C. §1915(g).

Dated: February 8, 2010          *s/Raymond L. Erickson*
                                 Raymond L. Erickson
                                 CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 22, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 22, 2010**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.