## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DENIS J. OPSAHL,<br><br>Plaintiff,<br>v.<br><br>MICHAEL HAGER, JUDGE ROBERT SMALL, KRISTINE KIEMLEN, and JOHN W. WINDHORST, JR.,<br><br>Defendants. | Civil No. 10-0129 (JRT/RLE)<br><br>**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |

Denis J. Opsahl, #200902336, Hennepin County Detention Center, 401 South Fourth Street, Minneapolis, MN 55419, plaintiff *pro se*.

On January 15, 2010, Denis Opsahl filed a *pro se* complaint against the above-named defendants and an application for leave to proceed *in forma pauperis* ("IFP"). (*See* Docket Nos. 1-2.). On February 8, 2010, United States Magistrate Judge Raymond L. Erickson filed a Report and Recommendation recommending that the Court deny Opsahl's application to proceed IFP and summarily dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Opsahl filed objections to the Report and Recommendation. (Docket No. 4.) After *de novo* review, *see* 28 U.S.C. § 636(b)(1)(C); D. Minn. Local Rule 72.2, the Court overrules the objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Opsahl is incarcerated in the Hennepin County Detention Center in Minneapolis, Minnesota on state charges stemming from his alleged placement of "crank 911 calls." (*Opsahl v. Minnesota*, Civ. No. 09-1181, Pet'r's Resp. at 1-2, Docket No. 4.) The Hennepin County Register of Actions lists the charged offense as "Terroristic Threats-Bomb Threat." (*Opsahl v. Minnesota*, Civ. No. 09-1181, Docket No. 13.) Opsahl is currently in pretrial custody awaiting trial on the state criminal charges. (*Id.*)

Opsahl brought two habeas petitions in this Court relating to the circumstances of his confinement, and Opsahl now attempts to sue defendants under 42 U.S.C. § 1983. Opsahl claims that defendants violated his "Federal Civil Rights," alleging:

> On or aBout [sic] March 20, 2009 John W Windhorst, attorney, initiated a conspiracy in violation of Section 1983 and Judge Robert Small Hennepin District Court to press AND procure false criminal charges against Opsahl relating to a 3/25/09 911 call aBout [sic] The Terrorist Sarah Jane Olson and a clone of Walter Mondale the Minnesota politician and OJ Simpson the Sports Personality with Small agreeing. To Do illegal Judicial Acts with the false testimony of one Kristine Kienlen 4th District Court Psychologist And false and misleading legal advice from one Michael Hager attorney to Opsahl To involve Opsahl in the false 3/25/09 and made no calls so as to procure Opsahl's 3/27/09 to Date (1/12/09 [sic]) and continuing false imprisonment and illegal Detention to strip Opsahl of his US Federal Civil Rights and his property, all known to Windhorst because he was Opsahl's former attorney, with Kienlen coached to commit perjury and Hager to aid and aBet [sic] Kienlen to lower Opsahl's standing forever in the community and To inflict Cruel and unusual punishment upon Opsahl with Small procuring an indefinite false Detention in violation of Section 1983 under color of state law And to inflict emotional distress upon Opsahl And to make him hated.

(*See* Compl., Docket No. 1.)

The Magistrate Judge recommended that the Court summarily dismiss Opsahl's § 1983 action for failure to state a claim. The Magistrate Judge concluded that Opsahl failed to allege "a set of historical facts, which, if proven at Trial, would entitle [Opsahl] to any Judgment against any of the named Defendants under any legal theory." (Report & Recommendation at 6, Docket No. 3.) The Magistrate Judge noted that Opsahl "does not describe any specific acts or omissions by any of the Defendants that allegedly violated the Constitution" and that Opsahl does not allege acts by any "State actor, other than the Judge, and his judicial acts are immune from suit." (*Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (discussing judicial immunity)).) Opsahl filed timely objections to the Report and Recommendation.

## DISCUSSION

The Court will deny an application to proceed IFP and dismiss a case if it determines that "the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court liberally construes *pro se* pleadings, but "such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam).

The Court identifies three objections that Opsahl raises to the Report and Recommendation. First, Opsahl contends that the Report and Recommendation addresses only "half" of his complaint and "misquotes Opsahl's prayer for relief." (Objections at 1, Docket No. 4.) Second, Opsahl argues that several statutes – including

28 U.S.C. § 1915 – are "unconstitutional and a Denial of Due Process." (*Id.* at 1.) Third, Opsahl asks the Court and the Magistrate Judge to recuse on the basis of "actual bias." (*Id.* at 1-2.) The remaining arguments in Opsahl's objections are incomprehensible.[1]

The Magistrate Judge did not fail to consider the entirety of Opsahl's complaint. The Magistrate Judge merely excerpted in the Report and Recommendation – as the Court does here – the substantive allegations from Opsahl's complaint. The remaining "half" of the complaint includes Opsahl's answers to questions provided on the form for a "Complaint for Violation of Civil Rights Under 42 U.S.C. 1983," which provide little or no substantive information and which do not impact the Magistrate Judge's analysis. In addition, Opsahl does not provide any support for his argument that § 1915 or any other relevant statute is unconstitutional. Finally, Opsahl offers only unsupported assertions that the Court or the Magistrate Judge have "actual bias," and his request for recusal is therefore meritless. *See* 28 U.S.C. § 455(a) (requiring a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned"); *see also United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) ("The question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." (internal quotation marks omitted)).

---

[1] For example, Opsahl states that "[Magistrate Judge] Erickson no longer works for the British Crown as The Thunder Bay Ontario Judiciary Does. It is a Republic. There is General Notice Pleading." (Objections at 2, Docket No. 4; *see also* Renewed Application to Proceed IFP, Ex. 1 at 3-4, Docket No. 5 ("Herein Magistrate Erickson clearly takes the side of Sarah Jane Olson the Terrorist, murderess, the bank robber [sic] and Kidnapper (of Patty Hearst) And of the clones and Zombies of Walter F. Mondale and O.J. Simpson. It doesnt [sic] get any worse.").)

Opsahl also contends that the Court should grant his motion for leave to proceed IFP so that he may conduct discovery. (*Id.* at 2.) Because Opsahl has not alleged any facts or legal theories supporting his claim under § 1983, however, the Court denies Opsahl's application to proceed IFP and dismisses without prejudice Opsahl's complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated February 8, 2010, [Docket No. 3]. Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff''s applications to proceed *in forma pauperis* [Docket Nos. 2, 5] are **DENIED as moot**. For the reasons discussed in the Report and Recommendation, plaintiff is relieved from paying the filing fee that would otherwise be due from him, and this action shall not be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).

2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 30, 2010  
at Minneapolis, Minnesota.

                                                                             s/ John R. Tunheim  
                                                                             JOHN R. TUNHEIM  
                                                                     United States District Judge